**SIGNED THIS: October 30, 2007**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DARLA LILLY, | ) | No. 07-80008 |
| | ) | |
| Debtor. | ) | |

**O P I N I O N**

This matter is before the Court on the objection of Americredit Financial Services, Inc., (AFS) to confirmation of the Amended Chapter 13 Plan proposed by the Debtor, Darla Lilly (DEBTOR). The issue is whether the lien retention provision added by BAPCPA to Section 1325(a)(5)(B)(i) prevents a Chapter 13 debtor who is not entitled to a discharge from modifying the interest rate on a secured claim and, if permitted, the postbankruptcy effect of such modification. For the following reasons, the Court determines that interest rate modification is permitted but has no postbankruptcy effect. The Amended Plan with certain modifications will be confirmed.

AFS holds a claim secured by a 2005 Chrysler Sebring that the DEBTOR purchased within 910 days of the filing of the petition. The DEBTOR concedes that the claim is a "910 claim" subject to the "hanging paragraph" in Section 1325(a) and may not be bifurcated based on the car's value as would otherwise be permitted under Section 506(a). AFS filed a proof of claim asserting a petition date debt balance of $14,395. The Amended Plan proposes to pay that sum plus interest at 10 ½% with "the remaining balance to be unsecured." It also proposes that "secured creditors shall retain their liens upon their collateral until they have been paid the value of said property." The DEBTOR, having received a Chapter 7 discharge within the four-year period preceding the filing of this Chapter 13 case, will not receive a discharge in this case pursuant to Section 1328(f)(1) of the Bankruptcy Code.

Although other objections were raised in prior pleadings, in its Reply Brief, AFS states that the only remaining issues pertaining to confirmation are (1) whether Section 1325(a)(5)(B)(i)(I) requires it to receive contract interest of 17.95% and (2) whether it is impermissible for the Amended Plan to provide for lien retention only until the value of the vehicle is paid.

Substantially amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), Section 1325(a)(5) now provides as follows:

(a) Except as provided in subsection (b), the court shall confirm a plan if–

   \* \* \*

(5) with respect to each allowed secured claim provided for by the plan–

   (A) the holder of such claim has accepted the plan;

   (B)(i) the plan provides that–

    (I) the holder of such claim retain the lien securing such claim until the earlier of–

     (aa) the payment of the underlying debt determined under nonbankruptcy law; or

     (bb) discharge under section 1328; and

    (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

   (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

   (iii) if–

    (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and

    (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or

  (C) the debtor surrenders the property securing such claim to such holder.

11 U.S.C. § 1325(a)(5).

The lien retention provision must be viewed in context, as the first of three elements of cramdown, whereby a plan may be confirmed over the objection of a secured creditor. Those elements include (1) the lien retention provision at Section 1325(a)(5)(B)(i); (2) the present value payment provision at Section 1325(a)(5)(B)(ii); and (3) the equal payment/adequate protection provision at Section 1325(a)(5)(B)(iii). The three elements have independent focuses. The lien retention provision deals with how long a secured creditor's lien is retained. The present value payment provision defines the total amount

of the payments that must be paid on a secured claim as including an interest component. The equal payment/adequate protection provision addresses the amount and timing of the individual installments where the secured claim is paid in installments.

The lien retention provision was substantially amended by BAPCPA. Previously, Section 1325(a)(5)(B)(i) provided, simply, that "the plan provides that the holder of such claim retain the lien securing such claim." A split of authority had developed over whether a Chapter 13 debtor could force an undersecured creditor to release its lien upon payment of the secured component of its claim, or whether the creditor could retain its lien until the unsecured component was paid as well or the debtor received a discharge. *See In re Rheaume,* 296 B.R. 313 (Bankr.D.Vt. 2003) (collecting cases). The new language added by BAPCPA clarifies that the plan must permit the lien to be retained until the earlier of payment of the debt determined under nonbankruptcy law or a discharge under Section 1328. The amendment overrules the results of those prior cases that permitted elimination of the creditor's lien upon payment of the allowed secured claim. 8 COLLIER ON BANKRUPTCY ¶1325.06[3][a][ii] (15th ed.rev.).

In cases where the debtor is eligible for a discharge and the creditor's claim is bifurcated into a secured component and an unsecured component, the new lien retention provision makes clear that the creditor may not be forced to release its lien upon payment of only the secured component. Instead, the creditor is entitled to keep the lien in place, unreleased, until the plan is completed and the discharge is entered. The DEBTOR, however, is not eligible for a discharge and AFS's claim may not be bifurcated. By operation of Section 1325(a)(5)(B)(i)(I), AFS's lien is retained until payment of the

underlying debt determined under nonbankruptcy law. AFS contends that, under these circumstances, the DEBTOR must pay, in the plan, the full amount of the debt with interest at the contract rate, not the *Till* rate that the DEBTOR proposes to pay.

AFS relies upon *In re Williams,* 367 B.R. 625 (Bankr.N.D.Ill. 2007), where a Chapter 13 debtor who was not eligible for a discharge filed a plan proposing to pay the holder of a 910 claim interest at the *Till* rate of 10.25%. Upholding the creditor's objection, the court ruled that a plan could not be confirmed unless it proposed to pay the claim in full during the term of the plan with interest at the contract rate of 19.75%. This Court respectfully disagrees.

Disagreeing with *Williams,* the court in *In re Hopkins,* 371 B.R. 324 (Bankr.N.D.Ill. 2007), held that a Chapter 13 debtor who was not entitled to a discharge could confirm a plan that proposed to pay the holder of a 910 claim interest at the *Till* rate. The *Hopkins* court determined that the lien retention provision of Section 1325(a)(5)(B)(i) does not override or cancel out a debtor's power to modify the terms of the contract under Section 1322(b)(2) and cram down a secured claim at the *Till* rate under Section 1325(a)(5)(B)(ii). This Court agrees with that reasoning.

As indicated, the three elements of cramdown are separate and have independent functions. Cramdown's second element, the present value payment provision, defines the amount that the secured creditor must receive as the allowed amount of the secured claim plus interest, i.e., the claim's present value. The Supreme Court has held that the rate of interest is to be calculated using the prime rate and adding a risk factor. *Till v. SCS Credit*

*Corp.,* 541 U.S. 465, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004).  This Court, like most courts, holds the view that *Till,* a pre-BAPCPA case, remains applicable under BAPCPA, even as to 910 claims.  *See In re Morris,* 370 B.R. 796 (E.D.Wis. 2007).  Because it is separate from the present value payment provision, and given the remedial purpose of the additional language added by BAPCPA aimed at resolving a split over when a secured creditor loses its lien, the lien retention provision is properly interpreted as not affecting the amount that must be paid on a secured claim, through the plan, in a cramdown, which is governed by the present value payment provision.

The Court departs, however, from the determination reached in *Hopkins,* that the phrase "debt determined under nonbankruptcy law" refers to the petition date balance, which amount may then be permanently modified in the plan even by a debtor not eligible for a discharge.  In this Court's view, that phrase is forward-looking, with a vitality that extends beyond the petition date and, indeed, beyond the bankruptcy case.  It simply means that the lien is retained until the entire amount of the debt, calculated without regard to the modifications permitted in bankruptcy, is paid.

Where a Chapter 13 debtor is entitled to receive a discharge, the interest rate reduction permitted by Section 1325(a)(5)(B)(ii) and *Till* becomes permanent and binding on the creditor when the debtor completes the plan and receives a discharge. At that point, the creditor is enjoined from collecting any further amounts that would have accrued on the debt under the contract had bankruptcy not intervened.  The modification of the interest rate in the plan, in conjunction with the discharge upon completion of the plan, results in a permanent loss to the creditor of its right to receive interest at the contract rate.

Where a debtor does not receive a discharge, however, any modifications to a creditor's rights imposed in the plan are not permanent and have no binding effect once the term of the plan ends. *See In re Ransom*, 336 B.R. 790 (9th Cir.BAP 2005) (postpetition interest on nondischargeable student loan continued to accrue at the contract rate and could be collected after Chapter 13 case terminated); *In re Holway*, 237 B.R. 217 (Bankr.M.D.Fla. 1999) (tax debt continued to accrue interest and penalties postpetition where debtor did not receive Chapter 13 discharge); *In re Place*, 173 B.R. 911 (Bankr.E.D.Ark. 1994) (where Chapter 13 case was dismissed without discharge, accrual of interest on tax debt was not affected by pendency of bankruptcy case). This long-standing principle was not altered by BAPCPA.

Since the DEBTOR is not entitled to a discharge, and Section 1325(a)(5)(B)(i)(I)(bb) is not operative, AFS is entitled to a plan provision that it shall retain its lien until "the payment of the underlying debt determined under nonbankruptcy law." The DEBTOR, however, is entitled to confirm a plan over AFS's objection that pays interest at the *Till* rate, not the contract rate. A debtor who files a Chapter 13 case despite not being eligible for a discharge, nevertheless has the power to modify a secured creditor's rights under Section 1322(b)(2), and the power to pay the creditor's claim with interest at the *Till* rate under Section 1325(a)(5)(B)(ii). Without a discharge, however, these modifications are effective only for the term of the plan. The DEBTOR remains liable for the full amount of the underlying debt determined under nonbankruptcy law, including her liability for interest calculated at the contract rate. If the interest rate reduction achieved under a confirmed plan was determined to be permanent and binding on the creditor, that would result in a

7

*de facto* discharge of a portion of the underlying debt, a benefit to which the DEBTOR is not entitled. Once the plan is completed, the DEBTOR remains liable for the balance of the "underlying debt determined under nonbankruptcy law," which remains secured by the lien under Section 1325(a)(5)(B)(ii)(I)(aa).

In this Court's view, contrary to the assumption made in *Williams*, a debtor who will not receive a discharge is not required to pay in full during the plan the entire balance of the secured creditor's debt as determined under state law. Rather, she is permitted to exercise her right to modify and pay the claim using the lower *Till* rate. Contrary to the implication of *Hopkins,* however, the DEBTOR remains liable for, and the collateral continues to secure, the remaining balance determined with interest at the contract rate, after she exits bankruptcy.

This result may be less than satisfying to both parties, neither of whom wants to end up with a balance remaining after bankruptcy, but it gives full effect to the lien retention and the present value payment provisions of Section 1325(a)(5)(B) and construes those provisions in a way that avoids any conflict between them. This result also best accounts for the effect of not receiving a discharge, that the DEBTOR remains liable for the full amount of the debt as determined under nonbankruptcy law.

Moreover, the determination made herein, that the secured creditor's lien continues to secure the debt balance determined under state law despite the temporary interest rate reduction permitted under a confirmed Chapter 13 plan, is consistent with the two other scenarios where a Chapter 13 case proceeds beyond confirmation but does not result in a discharge under Section 1328. Section 348(f)(1)(C), added by BAPCPA, which governs the

8

status of secured claims in cases converted from Chapter 13, provides for the continued existence of the lien "unless the full amount of such claim determined under applicable nonbankruptcy law has been paid in full as of the date of conversion." 11 U.S.C. § 348(f)(1)(C)(i). Likewise, the effect of dismissal of a Chapter 13 case is to revest secured property subject to the lien as it existed at the time of the filing of the bankruptcy case. *See* 11 U.S.C. § 349(b)(3); *In re Booth*, 289 B.R. 665 (Bankr.N.D.Ill. 2003).[1] Thus, the effect on secured claims of not receiving a discharge in a Chapter 13 case is consistent whether the case is dismissed, converted or completed without a discharge because the debtor is not eligible for one.

The Amended Plan is confirmable with two changes. Paragraph 7 shall be stricken and replaced with the following sentence: "Americredit Financial Services, Inc., shall retain its lien until payment of the underlying debt determined under nonbankruptcy law and, if the case is dismissed or converted, it shall retain its lien to the extent recognized by applicable nonbankruptcy law." The phrase in paragraph 2A "the remaining balance to be unsecured" shall be stricken as it incorrectly implies that AFS's claim may be bifurcated or that some portion of the claim may be discharged.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###

---

[1] Section 1325(a)(5)(B)(i)(II) provides that "if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law." As part of the lien retention element of cramdown, this provision does not speak to the issue of whether the secured claim modifications provided in a confirmed plan where no discharge is entered have any post-bankruptcy effect. The retention of the lien "to the extent recognized by applicable nonbankruptcy law," is nevertheless entirely consistent with the determination made herein, that such modifications have no post-bankruptcy effect.